■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HEMPHILL, Appellant.—Judgment, Supreme Court, Bronx County (Vincent A. Vitale, J.), rendered July 13, 1984, which convicted defendant following a jury trial of burglary in the second degree and sentenced him as a second violent felony offender to an indeterminate term of imprisonment of from 6 to 12 years, unanimously modified, on the law, only to

the extent of vacating the sentence and remanding the case for resentencing following the filing by the District Attorney of a statement pursuant to CPL 400.15 (second violent felony offender), and otherwise affirmed.

Defendant was sentenced as a second violent felony offender pursuant to CPL 400.15. From the record, it appears that the prosecutor inadvertently filed a predicate felony statement under CPL 400.21, stating that, on June 14, 1983, defendant had been convicted of attempted burglary in the second degree and was sentenced to a term of one year. Concededly, attempted burglary in the second degree may serve as a predicate violent felony offense (Penal Law § 70.02 [1] [c]). The 6-to-12-year sentence imposed for the present crime (burglary in the second degree), a class C felony, was within the permissible sentencing scope under either the second felony offender or second violent felony offender statutes (Penal Law § 70.06 [3], [4]; § 70.04 [3], [4]).

However, remand for resentencing is necessary since the record is unclear as to whether defendant was fully aware that he was being sentenced as a second violent felony offender albeit the court expressly stated "that you are a predicate violent felony offender." Although he made no objection to the statement which had been filed, inasmuch as predicate violent felony offender status might have implications in the future in terms of enhanced punishment, there should be a remand for resentencing. In that way, the People will have an opportunity to file a proper second violent felony statement under CPL 400.15 and, after defendant is afforded an opportunity to raise any objections, he may then be properly resentenced as a second violent felony offender. In doing so, we express no disagreement at all with the sentence which had been imposed by the trial court.

We have examined each of defendant's remaining contentions and find them lacking in merit. Concur—Murphy, P. J., Sullivan, Asch, Milonas and Kassal, JJ.